## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

<table>
<tr>
<td>

In re:

VIRGINIA TRUE CORPORATION,

Debtor.

</td>
<td>

United States Bankruptcy Court
Eastern District of New York
Case No. 19-42769
Chapter 11

</td>
</tr>
<tr>
<td>

ANTHONY CIPOLLONE, *et al.*,

              Plaintiffs,

        v.

ALLAN APPLESTEIN, *et al.*,

              Defendants.

</td>
<td>

Adv. Pro. No. 20-03002-KRH

</td>
</tr>
</table>

### MEMORANDUM OPINION

Before the Court in this removed state court case (the "Removed Action") are the *Motion to Transfer Venue, or Alternatively, Motion to Dismiss the Complaint* [ECF No. 16] (the "Motion to Transfer")[1] filed by defendant Howard Kleinhendler ("Kleinhendler") and the *Plaintiffs' Motion to Remand or Abstain* [ECF No. 25] (the "Motion to Remand") filed by Anthony and Domenick Cipollone (together, the "Cipollones").  For the reasons stated herein, the Court grants the Motion to Transfer in part and will transfer the Removed Action to the United States District Court for the Eastern District of New York.  As the Court will transfer this Removed Action, the

---

[1]  Pursuant to the *Order Granting Consent Motion to Extend Time for Plaintiffs' Response to Defendant Kleinhendler's Motion to Transfer or Dismiss* [ECF No. 29], briefing on Kleinhendler's request to dismiss the Removed Action was stayed until after the Court ruled on the Motion to Remand.  As the request to dismiss is not ripe, the Court will not address it herein and all rights and defenses in connection therewith are preserved.

Court does not reach a decision regarding the Motion to Remand.  This Memorandum Opinion

sets forth the Court's findings of fact and conclusions of law.[2]

In this Removed Action, the Cipollones seek to hold Kleinhendler, Benito Fernandez

("Fernandez"), Allan Applestein ("Applestein"), and Diatomite Corporation of America

("Diatomite" and collectively with Kleinhendler, Fernandez, and Applestein, the "Defendants")

liable for damages the Cipollones incurred in connection with a soured investment involving

Virginia True Corporation ("Virginia True").  Virginia True is not a defendant in this Removed

Action.

Kleinhendler and Fernandez formed Virginia True, a Virginia corporation, to purchase

land in Richmond County, Virginia (the "Property"), from Diatomite, a corporation owned by

Applestein.   On April 27, 2017, the Cipollones, Kleinhendler, and Fernandez executed a

stockholders' agreement for Virginia True (the "Stockholders' Agreement"), whereby the

Cipollones made a $5 million capital contribution to Virginia True as consideration for their

shares.  The Stockholders' Agreement provided that the Cipollones could recoup their $5 million

capital contribution through either a buyout of their shares for $5 million or the repayment of a

promissory note for $5 million which would be secured by a deed of trust lien on the Property.

Virginia True used the $5 million capital contribution to purchase the Property from

Diatomite on the same day the Stockholders' Agreement was executed.   Virginia True executed

an unsecured promissory note for $7 million payable to Diatomite as part of the purchase

transaction.  Because the $7 million promissory note was unsecured, by separate side agreement

---

[2]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings
of fact when appropriate.  *See* Fed. R. Bankr. P. 7052.

with Diatomite, Virginia True agreed that it would not encumber the Property without Applestein's consent.

In 2018, the Cipollones attempted to exercise the buy-out provision in the Stockholders' Agreement. Virginia True opted in lieu of cash to execute a $5 million promissory note secured by a lien on the property in favor of the Cipollones in exchange for their shares. Virginia True failed to pay the Cipollones when the note matured on April 27, 2019. On May 3, 2019 (the "Petition Date"), Virginia True filed a voluntary petition under chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Eastern District of New York (the "New York Bankruptcy Court"), thereby commencing bankruptcy case number 1-19-42769-nhl (the "Bankruptcy Case").

The parties have been active participants in the Bankruptcy Case. Diatomite and the Cipollones have each filed proofs of claim against Virginia True. *In re Va. True Corp.*, Case No. 1-19-42769-nhl (Bankr. E.D.N.Y. Aug. 6, 2019), Claim Nos. 8-1, 9-1, 10-1. The Cipollones unsuccessfully sought to transfer the Bankruptcy Case to this Court. Order Den. Mot. Transfer Venue, *In re Va. True Corp.*, Case No. 1-19-42769-nhl (Bankr. E.D.N.Y. Aug. 13, 2019), ECF No. 82. Virginia True, in turn, filed a complaint seeking to avoid the Cipollones' deed of trust lien on the Property as a fraudulent conveyance and/or preferential transfer, or alternatively to equitably subordinate the Cipollones' claims (the "New York Adversary Proceeding"). Compl., *Va. True Corp. v. Cipollone* (*In re Va. True Corp.*), Adv. Pro. No. 1-19-0118-nhl (Bankr. E.D.N.Y. Sept. 4, 2019), ECF No. 1. Diatomite moved to intervene in the New York Adversary Proceeding. Mot. Diatomite Corp. Intervene Adv. Pro., *Va. True Corp. v. Cipollone* (*In re Va. True Corp.*), Adv. Pro. No. 1-19-0118-nhl (Bankr. E.D.N.Y. Oct. 9, 2019), ECF No. 6-1. The New York Adversary Proceeding remains pending. Finally, a lawsuit brought by Applestein and

Diatomite against Kleinhendler and his law firm in the United States District Court for the Southern District of Florida for, inter alia, legal malpractice and breach of fiduciary duty related to Virginia True's purchase of the Property (the "Florida Civil Proceeding") has now been transferred to the United States District Court for the Eastern District of New York as related to the Bankruptcy Case. *Applestein v. Kleinhendler*, No. 1:19-25154-CIV-KING, 2020 U.S. Dist. LEXIS 38715 at *4 (S.D. Fla. Mar. 3, 2020).

After the Petition Date, the Cipollones initiated this Removed Action by filing a three-count complaint (the "State Court Complaint") on December 3, 2019, in the Circuit Court for the County of Richmond, Virginia, against the Defendants, alleging: (1) fraudulent inducement to contract against Fernandez and Kleinhendler; (2) tortious interference with contract against Applestein and Diatomite; and (3) conspiracy, under either the Virginia Code or common law, against all Defendants.  At its core, the State Court Complaint alleges that the Defendants conspired to induce the Cipollones to invest in Virginia True in order to fund the purchase of the Property but to limit the Cipollones' available recourse through the side agreement with Diatomite prohibiting future encumbrances.

By his *Notice of Removal* [ECF No. 1], Kleinhendler removed the case from the Richmond County Circuit Court to this Court on January 6, 2020, and now, by his Motion to Transfer, seeks to have the Removed Action heard by the New York Bankruptcy Court.  In contrast, by their Motion to Remand, the Cipollones ask that this Court remand the Removed Action back to the Richmond County Circuit Court.  The Court held a hearing on both motions on March 17, 2020, and took the matters under advisement.[3]

---

[3]    At the conclusion of the hearing, the Court invited, but did not require, the parties to submit supplemental briefing concerning the applicability of *Gibbs v. Rees*, Civil Action No. 3:17cv386, 2018 WL 1460705, 2018

Case 20-03002-KRH    Doc 45    Filed 03/30/20    Entered 03/30/20 13:28:57    Desc Main
Document      Page 5 of 13

As a threshold matter, this Court must determine whether it has jurisdiction to consider the Motion to Transfer or if it must, as a matter of law, remand the Removed Action. "Bankruptcy courts, as courts of limited jurisdiction, must always be mindful of remaining within the bounds of their jurisdictional authority." *Hagan v. Lawyers Title Ins. Corp.* (*In re LandAmerica Fin. Grp., Inc.*), Adv. Pro. No. 10-03168-KRH, 2011 WL 203986, at *2 n.8, 2011 Bankr. LEXIS 242, at *8-9 n.8 (Bankr. E.D. Va. Jan. 21, 2011) (citing *Poplar Run Five L.P. v. Va. Elec. & Power Co.* (*In re Poplar Run Five L.P.*), 192 B.R. 848, 854-55 (Bankr. E.D. Va. 1995)). The Court finds that the Removed Action is "related to" the Bankruptcy Case within the meaning of 28 U.S.C. § 1334(b) and, as such, the Court has subject-matter jurisdiction to consider the Motion to Transfer and the Motion to Remand.

The district courts "have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). "A civil proceeding 'arises under' the Bankruptcy Code when 'federal [bankruptcy] law creates the cause of action or . . . the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal [bankruptcy] law.'" *In re LandAmerica Fin. Grp., Inc.*, No. 08-35994-KRH, 2011 WL 203986, at *2, 2011 Bankr. LEXIS 242, at *9 (quoting *Sharif v. IndyMac Bank* (*In re Sharif*), 411 B.R. 276, 280 (Bankr. E.D. Va. 2008)) (alterations in original). "[A] controversy arises in Title 11 when it would have no practical existence *but for* the bankruptcy." *Valley Historic L.P. v. Bank of N.Y.*, 486 F.3d 831, 835 (4th Cir. 2007) (citing *Grausz v. Englander*, 321 F.3d 467, 471 (4th Cir. 2003)) (emphasis in original). The three counts set forth in the State Court Complaint are state law claims that could have been brought regardless of the

---

U.S. Dist. LEXIS 48680 (E.D. Va. Mar. 23, 2018). As of the date of this Opinion, only Kleinhendler has done so. Suppl. Br. Kleinhendler Supp. Mot. Transfer, ECF No. 44.

Bankruptcy Case.  Thus, the Removed Action does not arise under Title 11 or arise in a case under Title 11.

The Removed Action is, however, "related to" the Bankruptcy Case.  The Cipollones allege that "related to" jurisdiction does not exist because Virginia True, the debtor in the Bankruptcy Case, is not a party to the Removed Action.  However, "a related to case need not necessarily be against the debtor or his property."  *New Horizon of NY LLC v. Jacobs*, 231 F.3d 143, 151 (4th Cir. 2000).

> A civil case filed in a district court is related to a case in bankruptcy if the outcome in the civil case "*could conceivably have any effect on the estate being administered in bankruptcy* . . . if the out-come could alter the debtor's rights, liabilities, options, or freedom of action (positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate."

*Id.* (quoting *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.6 (1995)) (emphasis in original).  This test "does not require certain or likely alteration of the debtor's rights, liabilities, options or freedom of action, nor does it require certain or likely impact upon the handling and administration of the bankruptcy estate.  The possibility of such alteration or impact is sufficient to confer jurisdiction."  *Owens-Ill., Inc. v. Rapid Am. Corp.* (*In re Celotex Corp.*), 124 F.3d 619, 626 (4th Cir.1997)) (citing *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)).

Applying the *Pacor* test, this Court has "related to" jurisdiction over the Removed Action because resolution of the Removed Action may impact the administration of Virginia True's bankruptcy estate.  In its bylaws, Virginia True agreed to indemnify its officers, directors, employees, or agents for certain actions.  Decl. Kleinhendler Ex. A, at §§ 11.01, 11.03, ECF No. 42.  Specifically, Virginia True agreed to

> indemnify a person who was or is a party . . . to any threatened, pending, or completed legal action . . . because he or she is or

> was a Director or officer of [Virginia True] . . . against
> expenses—including attorney fees, judgments, fines, and
> settlement amounts—actually paid and reasonably incurred by
> him or her in connection with the legal action if he or she acted
> in good faith and in a manner he or she reasonably believed to
> be in or not opposed to the best interests of the [Virginia
> True] . . . .

*Id.* at § 11.01.  Kleinhelder and Fernandez were officers of Virginia True.  If the Cipollones are

successful on the merits of the Removed Action, Kleinhelder and Fernandez may seek

indemnification from Virginia True.[4]

As such, this case is factually similar to *Gibbs v. Rees*, No. 3:17CV386, 2018 WL

1460705, 2018 U.S. Dist. LEXIS 48680 (E.D. Va. Mar. 23, 2018).  In *Gibbs*, Judge Lauck found

that the plaintiffs' allegations were

> premised, at least in part, on actions he took "in his . . . capacity as
> a director, officer, employee or agent of" the [debtors].
> Accordingly, this action against Rees is likely covered by the Rees
> Indemnification Agreement, making it "related to" the Bankruptcy
> Case. At the least, the "outcome in th[is] civil case 'could
> conceivably have an[ ] effect on the'" Bankruptcy Case because
> [the debtors] would likely be required to indemnify Rees of any
> liability in this case, thereby altering its liabilities.

*Id.* at *13, 2018 U.S. Dist. LEXIS 48680 at *30-31.  As in *Gibbs*, the Cipollones have alleged in

the case at bar, inter alia, "Kleinhendler, for instance, *as an officer and legal counsel to both*

*Diatomite and Virginia True*, brokered the fraud amongst Defendants to ensure receipt of the

Cipollones investment."  State Ct. Compl. at ¶ 80, ECF No. 1-3 (emphasis added).  The Court

need not and does not reach the issue of whether the indemnification provisions would, in fact,

---

[4]    The bylaws further provide that Virginia True may indemnify "any person who was or is a party or is
threatened to be made a party to any threatened, pending, or completed legal action because he or she is or was
an employee or agent of [Virginia True] other than a Director or officer of [Virginia True]."  Decl. Kleinhendler
Ex. A, at § 11.03, ECF No. 42.  Even assuming that Kleinhendler and Fernandez were not operating within their
roles as officers, they may still have been acting as agents of Virginia True, thus triggering discretionary
indemnification.

be applicable. As discussed *supra*, the standard is not certainty or even a likelihood, but whether it is a possibility. *See In re Celotex Corp.*, 124 F.3d at 626 (citing *Pacor*, 743 F.2d at 994). Because resolution of the Removed Action may trigger Virginia True's obligations under the indemnification provisions of its bylaws and, thereby, alter Virginia True's liabilities, the Removed Action is "related to" the Bankruptcy Case.

Alternatively, "related to" jurisdiction exists because the damages sought to be recovered by the Cipollones in the Removed Action overlap with the claims asserted by the Cipollones against Virginia True as set forth in the proofs of claim they filed in the Bankruptcy Case. "A determination of the amount owed to the plaintiff in the [state court] proceeding could have an effect on the proof of claim filed by the plaintiff in the bankruptcy." *Schmid Pipeline Constr., Inc. v. Columbia Gas Transmission, LLC* (*In re Welded Constr., L.P.*), Civil Action No. 5:19-CV-257, at 6 (N.D. W. Va. Oct. 21, 2019) (unpublished), ECF No. 23. Much like the mechanic's liens at issue in *Siskin Steel & Supply Co. v. Highland North, LLC*, Civil Action No. 3:12-CV-105, 2013 WL 23906, at *7-8, 2013 U.S. Dist. LEXIS 270, *19-22 (W.D. Pa. Jan. 2, 2013) and *Longchamps Electric, Inc. v. Rothenberg* (*In re Wrenn Associates, Inc.*), No. 04-1114-JMD, 2004 WL 1746117, at *4, 2004 Bankr. LEXIS 1083, at *10-13 (Bankr. D.N.H. July 26, 2004), any damages awarded and paid in connection with the Removed Action would likely affect the amount of the Cipollones' claims asserted in the Bankruptcy Case. As such, the Removed Action is "related to" the Bankruptcy Case.

Having concluded that the Court has jurisdiction to consider the motions,[5] the Court must next determine whether it should consider the Motion to Transfer prior to the Motion for

---

[5] "Related to" jurisdiction is not court specific. Having found that "related to" jurisdiction exists for this Court to reach the merits of the pending motions, so, too, would "related to" jurisdiction exist in the New York Bankruptcy Court.

Remand. "[A] split of authority exists concerning whether a remand request must first be adjudicated prior to a sought-after transfer." *Nelson v. Kanawha Eagle Mining, LLC* (*In re Patriot Coal Corp.*), Adv. Pro. No. 2:17-ap-02006, 2017 Bankr. LEXIS 1112, at *3 (Bankr. S.D. W. Va. Apr. 24, 2017). "[A] court may, after deciding the issue of jurisdiction, instead exercise its discretion to transfer the case and permit the home bankruptcy court to decide the issue of remand." *Tallo v. Gianopoulos*, 321 B.R. 23, 28 & n.3 (E.D.N.Y. 2005). "Permitting the bankruptcy court to decide the motion for remand is in accord with the strong presumption in favor of placing venue in the district where the bankruptcy proceedings are pending." *Id.* (citing *Enron Corp. v. Arora* (*In re Enron Corp.*), 317 B.R. 629, 642 (Bankr. S.D.N.Y. 2004)). The Court finds that, if transfer is appropriate, the New York Bankruptcy Court would be better positioned to adjudicate the Motion to Remand. As such, the Court will resolve the Motion to Transfer first.

Under Rule 7087 of the Federal Rules of Bankruptcy Procedure, the bankruptcy court "may transfer an adversary proceeding . . . to another district pursuant to 28 U.S.C. § 1412."[6] Fed. R. Bankr. P. 7087. Section 1412 provides that the Court should transfer this Removed Action to the New York Bankruptcy Court if such transfer is "in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. Section "1412 is a disjunctive provision, allowing for transfer in the interest of justice *or* for the convenience of the parties." *Hilton Worldwide, Inc. Glob. Benefits Admin. Comm. v. Caesars Entm't Corp.*, 532 B.R. 259, 274 (E.D.

---

[6]    In the Fourth Circuit, 28 U.S.C. § 1412 "governs the transfer of 'related to' cases brought under title 11." *Gibbs v. Rees*, No. 3:17CV386, 2018 WL 1460705, at *7-10, 2018 U.S. Dist. LEXIS 48680 at *18 (E.D. Va. Mar. 23, 2018). However, even if 28 U.S.C. § 1404(a) were to apply, "[t]he standards for § 1412 are essentially the same as those for § 1404(a)." *McCrory Corp. v. 99 Cents Only Stores* (*In re McCrory Corp.*), 160 B.R. 502, 507 (S.D.N.Y. 1993). The only difference is that § 1412 is phrased in the disjunctive and § 1404(a) is not. *Compare* 28 U.S.C. § 1412, *with id.* § 1404(a). For the reasons stated herein *supra*, because the Court finds that transfer is in the interest of justice and for the convenience of the parties, transfer would also be appropriate under section 1404(a).

Va. 2015) (emphasis in original).  The movant must show by a preponderance of the evidence

that the proposed transfer would promote either the interest of justice or the convenience of the

parties.  *Gibbs v. Rees*, No. 3:17CV386, 2018 WL 1460705, at *14, 2018 U.S. Dist. LEXIS

48680 at *34-35 (E.D. Va. Mar. 23, 2018) (citing *Yolo Capital, Inc. v. Normand*, Civil Case No.

1:17-cv-00180-MR-DLH, 2018 WL 576316, at *2, 2018 U.S. Dist. LEXIS 13083, at *4-5

(W.D.N.C. Jan. 26, 2018)).

The interest of justice standard is a broad and flexible one which must be applied on a

case-by-case basis.  *Hilton Worldwide, Inc.*, 532 B.R. at 274 (quoting *Gulf States Expl. Co. v.

Manville Forest Prods. Corp.* (*In re Manville Forest Prods. Corp.*), 896 F.2d 1384, 1391 (2d Cir.

1990)).  In determining whether a transfer would be in the interest of justice, courts generally

examine the following seven factors:

> (i) the economic administration of the bankruptcy estate; (ii) the
> presumption in favor of trying cases "related to" a bankruptcy case
> in the court in which the bankruptcy is pending; (iii) judicial
> efficiency; (iv) the ability to receive a fair trial; (v) the state's
> interest in having local controversies decided within its borders;
> (vi) enforceability of any judgment rendered; and (vii) the
> plaintiff's original choice of forum.

*Id.*  These elements are not afforded equal weight – "[t]he most important of these factors

is . . . the economic and efficient administration of the estate."  *Id.* (quoting *Dunlap v.

Friedman's, Inc.*, 331 B.R. 674, 680 (S.D. W. Va. 2005)) (alterations in original).

Considering these elements out of order, only the fifth and seventh factors weigh against

the Motion to Transfer.  The fifth factor suggests the Court should consider the interest of the

Commonwealth of Virginia in having local controversies decided within its borders.  The Court

finds that this factor is not significantly implicated in this Removed Action.  While the Property

is located in Virginia, none of the parties are Virginia residents.  The allegations set forth in the

Removed Action do not suggest that the tortious conduct occurred in Virginia. The Court finds that the mere location of the Property in Virginia does not transform the State Court Complaint into a "local controversy" sufficient to deny transfer of the Removed Action. Under the seventh factor, the Court is to consider the Cipollones' original choice of forum. The Cipollones selected a Virginia state court as the forum for resolution of their dispute with the Defendants. "Although plaintiffs' choice of this forum is understandable and entitled to careful consideration, the other factors weighed here are sufficient to override this choice."[7] *Id.* at 275.

The fourth and sixth factors – the ability to receive a fair trial and the enforceability of any judgment rendered – are neutral. There is no evidence that the Cipollones will not receive a fair trial in the New York Bankruptcy Court, as applicable.[8] A judgment from the Circuit Court for Richmond County, this Court, or the New York Bankruptcy Court would be enforceable.

The first three factors weigh heavily in favor of transferring the Removed Action. The Court has already found that the Removed Action is "related to" the Bankruptcy Case. As such, under the second factor, there is a presumption that the Removed Action should be tried in the New York Bankruptcy Court. *Coffey Creek Assocs. L.P. v. Guardian Prot. Servs., Inc.*, Civil No. 3:09-CV-295-GCM-DCK, 2010 WL 1849023, at *6 (W.D.N.C. May 7, 2010) ("The general presumption is that proper venue for a proceeding related to a bankruptcy case is the district hearing the bankruptcy." (citations omitted)). Turning to the most important factors – the first and third factors – the Court finds that transferring the Removed Action would promote the

---

[7]   Under 28 U.S.C. § 1404, a plaintiff's choice of forum may be afforded greater weight than under an analysis of a motion to transfer pursuant to 28 U.S.C. § 1412. *Hilton Worldwide, Inc.*, 532 B.R. at 275. However, as discussed herein *supra*, "ample persuasive reasons exist to disturb this choice, namely avoidance of inconsistent legal rulings on the same issue, judicial economy, and efficient administration of the bankruptcy estate." *Id.*

[8]   Reference to the New York Bankruptcy Court is not intended to preclude the parties from seeking to withdraw the reference or other relief. All rights and defenses are preserved in connection therewith.

economic administration of Virginia True's bankruptcy estate and judicial economy.  As discussed *infra*, the parties are no strangers to the Bankruptcy Case and have been litigating related issues and claims in the context of the Bankruptcy Case, the New York Adversary Proceeding, and the Florida Civil Proceeding.  The New York Bankruptcy Court is familiar with the underlying factual issues based on the Bankruptcy Case and the New York Adversary Proceeding.  Having another court determine the Removed Action would force litigation of similar, if not identical, issues in both New York and Virginia and may delay Virginia True's chapter 11 reorganization.  Thus, the factors of economic administration and judicial economy weigh in favor of transfer.  As such, the Court finds that transfer would promote the interest of justice and, thus, that portion of the Motion to Transfer should be granted.

Alternatively, the Court finds that transferring the Removed Action is warranted for the convenience of the parties.  The Cipollones are New York residents.  While Applestein is a Florida resident and Diatomite is a Maryland corporation, State Ct. Compl. at ¶¶ 12,13, ECF No. 1-3, neither took a position related to the Motion to Transfer, Resp. Defs. Diatomite Corp. & Applestein Mot. Transfer, ECF No. 28 at 2.  More importantly, the Cipollones and Diatomite are active participants in the Bankruptcy Case.  *Hilton Worldwide, Inc.*, 532 B.R. at 275 ("Although it is unnecessary to evaluate whether transfer would be convenient for the parties, given the disjunctive nature of § 1412, it is worth noting that plaintiffs' assertion that transfer to the Northern District of Illinois would be inconvenient is undermined considerably by the fact that they are already parties to [the debtor's] pending Chapter 11 case in that district.")  Accordingly, transfer is also appropriate for the convenience of the parties.

For the foregoing reasons, the Court will grant the Motion to Transfer in part and transfer the Removed Action to the United States District Court for the Eastern District of New York. A separate Order will issue.

DATED:    March 30, 2020

/s/ Kevin R. Huennekens
UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: Mar 30 2020